UNITED STATES *ex rel.* HARSHMAN *v.* COUNTY COURT OF KNOX COUNTY.

*(Circuit Court, E. D. Missouri, E. D.* September 25, 1889.)

1. APPEAL—EFFECT—SUPERSEDEAS.
   Where a bill to modify the method of collecting a judgment which was not stayed by giving a *supersedeas* bond, as allowed by statute, was dismissed, and no interlocutory order affecting such judgment was ever made in the proceeding on the bill, a *supersedeas* bond upon appeal from such dismissal only stays any orders made in the proceeding on such bill, and does not operate to restrain the collection of the original judgment, even though the proceeding on the bill be deemed a mere continuation of the original action.

2. JUDGMENT—INJUNCTION TO RESTRAIN—COLLECTION.
   Where the original judgment has stood for eight years, and the debtor admits the justice thereof, merely seeking to change the method of collecting it, its collection will not be restrained pending the appeal from the dismissal of the bill.

At Law. On motion for rehearing.
For former report, see 15 Fed. Rep. 704.
*Thomas K. Skinker* and *John B. Henderson*, for relator.
*James Carr*, for respondent.

BREWER, J. In this case there is a petition for a rehearing. In 1881, Harshman recovered a judgment against Knox county.[1] That judgment has never been disturbed. No proceedings in error were taken, and no *supersedeas* bond given to stay the collection of that judgment within the 60 days allowed by statute, or, indeed, at any other time. Years after, there having been some intermediate proceedings on *mandamus*, the defendant in that judgment filed a bill in equity to restrain its collection, or perhaps more correctly to modify the method of collection. In that equitable proceeding no interlocutory order was entered, and when the matter came up for final hearing a decree was entered dismissing the bill. Appeal was prayed from that decree, allowed, and appeal-bond fixed in the sum of $500, and given. Now the contention is

---

[1] Not reported.

that the giving of the appeal-bond operates, as a matter of law, to restrain the collection of the original judgment. The statutes give to a party against whom a money judgment is rendered the right to stay that judgment by giving a *supersedeas* bond within 60 days. That was not done in this case, and it is a general rule that that which cannot be done directly cannot be done indirectly. It would be strange if a judgment debtor, failing to supersede by giving directly a *supersedeas* bond, could years after, by a bill in equity to restrain or modify that judgment, obtain by indirection the same *supersedeas* and stay. The principle is the same whether the judgment debtor is a county or an individual. To neither is the right given to stay it by this indirect process.

It is said that the bill in equity of the county is not an independent suit; that it is a mere continuation of the original action. So it is for some purposes, but, although it be a continuation of the original action, an appeal-bond in this continuation ought not to have any effect upon the original judgment. It may supersede any order made in this subsequent proceeding, but there was nothing here except a judgment for costs to supersede. There was no interlocutory order, no order in the case affecting that judgment at law, and, whatever may be superseded, it is only that which is part and parcel of this continuation proceeding. It seems to us that there can be no doubt that, as this bill was dismissed, as no interlocutory order was ever made, a *supersedeas* bond upon an appeal from such dismissal has no effect whatever upon the original judgment. That remains, with every right to collect which it had at the time it was rendered.

It is further insisted that if there be no *supersedeas* of right by virtue of this appeal-bond, the court has a controlling power over all its processes, and that it ought to stop the collection of this judgment at law until the question presented by this bill in equity has been finally determined by the supreme court. Assuming that it is true that the court has such controlling power, it seems to us that it would be grossly inequitable to exercise it in this case. Of the validity and justice of the original judgment at law, so far as respects the indebtedness, no question is made. All that is challenged is that part of it which refers to the collection and the amount of taxes that can be yearly enforced.

Now, when a debtor admits the justice of the debt, when judgment thereon has stood against him for eight years, we see no equity in restraining for years longer all efforts to collect while he simply pursues a litigation to change the method of collection. The petition for rehearing will be denied.